IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LESLIE MONTGOMERY                                                        PETITIONER
*ADC #086768*

V.                              CASE NO. 4:25-cv-00449-DPM-JTK

DEXTER PAYNE                                                             RESPONDENT
*Director, ADC*

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the entry date of this Recommendation. By not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

I.   **Background**

Pro se Petitioner Leslie Montgomery ("Montgomery") is an inmate in the Tucker Unit of the Arkansas Division of Correction (ADC).

On July 29, 2020, Montgomery filed a habeas petition under 28 U.S.C. § 2254, alleging: 1) his plea was involuntarily made, 2) the State failed to uphold its end of the negotiated plea agreement, 3) his lawyer was ineffective for not ensuring his plea agreement was followed, and 4) his lawyer was ineffective for failing to help him prepare a justification defense to his murder

charge. *See Montgomery v. Payne*, No. 4:20-CV-00871-BRW-JTK, 2021 U.S. Dist. LEXIS 159811, 2021 WL 3731741 (E.D. Ark. June 21, 2021) (unpublished). In that case, Judge Billy Roy Willson adopted Magistrate Judge Jerome T. Kearney's Recommended Disposition, denied the relief requested, and dismissed the petition with prejudice. *Montgomery v. Payne*, No. 4:20-CV-00871-BRW-JTK, 2021 U.S. Dist. LEXIS 158477, 2021 WL 3730067 (E.D. Ark., Aug. 23, 2021). A certificate of appealability was not issued. *Id.*

Montgomery filed the instant action on May 7, 2025, under 28 U.S.C. § 2254. Montgomery's current petition is difficult to understand, but it appears that he is raising several grounds that challenge the validity of his state conviction, his sentence, and the dismissal of his previous habeas case.

Based on the discussion below, the undersigned recommends that the habeas petition be denied and dismissed as successive.

## II. Discussion

### A. *Successive Petition*

In order for a state inmate to file a second or successive habeas petition under § 2254, that inmate must follow strict procedures as set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Typically, "a claim presented in a successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Claims in a successive application that were not presented in a prior application shall also be dismissed unless: (1) the applicant demonstrates that the new claims rely on new and retroactive constitutional law or (2) the applicant had previously exercised due diligence but was unable to discover the factual predicate for the new claims and the facts "establish by clear and convincing evidence that . . . no reasonable factfinder would have found

the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(A)–(B)(i), (ii). Before filing a successive petition in a district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). *See Id.* § 2254, R. 9.

As stated, Montgomery's specific grievances are difficult to comprehend, but even liberally examining his instant habeas petition, the undersigned has determined that it is successive. This Court does not have jurisdiction to fully review and decide this matter.

The instant petition involves the same state conviction and judgment as that of Montgomery's previous petition. His previous petition was dismissed on the basis of merit as the Court determined the merits of the case were easily resolvable and there was no need to address the issue of procedural default. *See Montgomery v. Payne*, No. 4:20-CV-00871-BRW-JTK, 2021 U.S. Dist. LEXIS 158477 at 4, 2021 WL 3730067 (E.D. Ark., Aug. 23, 2021). Therefore, the instant petition challenging the same conviction is deemed successive.

Thus, claims that Montgomery presented in his initial petition and that he now wants to relitigate here cannot and will not survive dismissal under 28 U.S.C. § 2244(b)(1). For Montgomery to properly bring new claims in a successive petition, he must first seek permission from the United States Court of Appeals for the Eighth Circuit before this Court can review them. *See* 28 U.S.C. § 2244(b)(2)–(3)(A). Montgomery has not followed AEDPA's stringent procedures relating to second or successive habeas petitions. Because he has not been granted leave by the Eighth Circuit to file a successive habeas petition, his instant petition must be denied and dismissed as successive.

B. *Summary Dismissal*

Rule 4 of the Rules Governing § 2254 Cases states: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Here, it plainly appears that Montgomery is not entitled to relief because he filed a previous habeas petition challenging the same convictions as in the instant case; that petition was dismissed as untimely, which is a disposition on the merits; and that makes the instant habeas petition successive. He has neither alleged a new, retroactive constitutional law nor alleged claims based on newly discovered facts with clear and convincing evidence to demonstrate that he should have been found not guilty of the underlying charges. Furthermore, he has not sought permission from the Eighth Circuit for this Court to fully review his instant petition.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, a federal court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, courts must determine whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Because Montgomery has not made the requisite showing, the undersigned does not recommend issuing a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that:

    A.    Montgomery's habeas petition be **DENIED** as successive.

    B.    This case be **DISMISSED** with prejudice.

    C.    A certificate of appealability be **DENIED**.

DATED THIS 13th day of May, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE